LAW OFFICES OF
# ANDREW P. SAULITIS P.C.
40 WALL STREET-37TH FLOOR
NEW YORK, NEW YORK 10005
———
(212) 459-0900
Fax (212) 459-1826
apslaw@msn.com

November 6, 2018

**Filed on ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 240
New York, New York 10007

*Burgess v. Goodman et al.*
Case 1:18-cv-06584-VEC

**Conference Date: November 9, 2018 (10:00 a.m.)**

Dear Judge Caproni:

    We are the attorneys for defendants Peter Goodman, PG East Houston Corp., 203 Henry Street Realty Corp. and 288 Mulberry Street Realty Corp. and write on behalf of co-defendants Tourbillon47 LLC, Harold Thomas Carter and Ignacio Mattos Noya (represented by Bruce M. Ginsberg, Esq. of Davis & Gilbert LLP) and co-defendants Mark Connell and Bea's Tavern Inc. (represented by Jeannie L. Bergsten, Esq. of the Law Offices of Jeannie L. Bergsten).

    The defendants write collectively pursuant to Items 2 and 4 of the Court's so-ordered Notice of Initial Pretrial Conference dated and filed October 31, 2108 (ECF Doc. No. 43). We have not heard from the attorney for plaintiff (Stuart H. Finkelstein, Esq. of Finkelstein Law Group, PLLC) for any initial input and he has not responded to our request that he provide same, so we write on behalf of the defendants only to address the matters set forth in the Court's notice, which the parties were directed to submit jointly by this date, along with a proposed Civil Case Management Plan and Scheduling Order.

**(1) brief description of the case, including the factual and legal bases for the claim(s) and defense(s)**

Based on the amended complaint, plaintiff, who uses a wheelchair, alleges that on unspecified date(s) she was denied full and equal access to and enjoyment of an upstairs restaurant ("Estela") and to a below-street-level bar ("Botanica") both located at 47 East Houston Street (a five-floor building built in 1800), claiming violation of the Americans with Disabilities Act (ADA) and its State and NYC counterparts. The defendants that operate those accommodations assert that physical and architectural limitations entail structural "barrier" removal that is not "readily achievable"[1] and an "undue burden"[2] within the meaning of the

---

[1] The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable, factors to be considered include— (A) the nature and cost of the action needed under this chapter; (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility; (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

[2] Undue burden means significant difficulty or expense. In determining whether an action would result in an undue burden, factors to be considered include --

(1) The nature and cost of the action needed under this part;

(2) The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site;

(3) The geographic separateness, and the administrative or fiscal relationship of the site or sites in question to any parent corporation or entity;

(4) If applicable, the overall financial resources of any parent corporation or entity; the overall size of the parent corporation or entity with respect to the number of its employees; the number, type, and location of its facilities; and

(5) If applicable, the type of operation or operations of any parent corporation or entity, including the composition, structure, and functions of the workforce of the parent corporation or entity.

Hon Valerie E. Caproni
November 6, 2018
Page 3

ADA, if not an impossibility. (Other defendants do not operate "public accommodations" as defined in 42 U.S.C. Sec. 12181 (7), nor was plaintiff their client or customer, and thus they would bear no liability to her under the ADA.)

**(2) contemplated motions**

Defendants contemplate motions for summary judgment at an appropriate stage of the case.

**(3) basis for subject matter jurisdiction**

The plaintiff asserts federal question jurisdiction under 28 U.S.C. §§ 1331, 1343 & 2201 and supplemental jurisdiction under 28 U.S.C. § 1367(a). (Such jurisdiction would not be available as against those defendants of whom plaintiff was not a client or customer at a public accommodation.)

**(4) prospect for settlement**

Settlements in cases of this type usually involve some type of practical measures such as portable ramps and/or other "readily-achievable" measures.[3] However, for this particular building, not only is "barrier" removal structurally impossible, but a ramp is not a practical solution because this would be extremely dangerous. Personal assistance by staff of the restaurant and of the bar already has been, and remains, available for disabled individuals who wish to patronize those facilities. But any settlement involving physical alteration is fundamentally infeasible, beyond what is already available.

Annexed is defendants' proposed Civil Case Management Plan and Scheduling Order.

Thank you for your consideration.

Respectfully yours,

*[signature]*

Andrew P. Saulitis

APS/wpd
Encl.

---

ADA Title III Regulation 28 CFR Part 36 section 36.104.

[3] Subsection (a) of section 36.304 of the ADA Regulations provides that "[a] public accommodation shall remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, *i.e.*, easily accomplishable and able to be carried out without much difficulty or expense" and subsection (b) provides "[e]xamples of steps to remove barriers" such as "[i]nstalling ramps" and "[w]idening doors," but ADA ramp specifications require a 1:12 ramp slope ratio, which is impossible to achieve here, nor is anything else provided among the examples, nor analogously.

Hon Valerie E. Caproni
November 6, 2018
Page 4

c:      Stuart H. Finkelstein, Esq.
        Finkelstein Law Group, PLLC (ECF)

        Bruce M. Ginsberg, Esq.
        Davis & Gilbert LLP (ECF)

        Jeannie L. Bergsten, Esq.
        Law Offices of Jeannie L. Bergsten (ECF)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :
NICOLE BURGESS,                                 :
                                                :
                                                :
                                                :    18  -CV- 06584 (VEC)
_____         :
                                                :    CIVIL CASE
                         Plaintiff(s),          :    MANAGEMENT PLAN
             -v-                                :    AND SCHEDULING
                                                :       ORDER
PETER GOODMAN, PG EAST HOUSTON CORP.,           :
203 HENRY STREET REALTY CORP.,                  :
288 MULBERRY STREET REALTY CORP.,               :
TOURBILLION47 LLC, HAROLD THOMAS                :
CARTER, IGNACIO MATTOSNOYA, MARK CONNELL,       :
and BEA'S TAVERN INC.,    Defendant(s).         :
------------------------------------------------------------------------X
```

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. In addition, they shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge, within three days of submitting this Proposed Case Management Plan and Scheduling Order.*]

2. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __N/A__ days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __14__ days from the date of this Order. [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

4. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than __November 22, 2018__.

5.  Discovery

    a.  All fact discovery shall be completed no later than ____February 7, 2019____. [*A date not more than 90 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

    b.  All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than ____March 25, 2019____. [*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 5(a) (i.e., the completion of all fact discovery).*]

    c.  Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

    d.  In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

6.  Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

    _____  Immediate referral to the District's Mediation Program

    _____  Immediate referral to a Magistrate Judge

    _____  Referral to the District's Mediation Program after the close of fact discovery

    __x___  Referral to a Magistrate Judge after the close of fact discovery

    _____  Other

7.  This case [is __x__ / is not _____] to be tried to a jury.  (per demand)

8.  Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
    Interrogatories per LCR 33.3 (b) and (c) may be served any time during discovery period.
    _____
    _____
    _____

2

9. This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10. The next pretrial conference is scheduled for _____ at _____ in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. [*Unless otherwise ordered, 10:00 a.m. on the first Friday after the deadline for completion of all fact discovery as set forth in paragraph 5(a).*]

    By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:
    a. a statement of all existing deadlines, due dates, and/or cut-off dates;

    b. a brief description of any outstanding motions;

    c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

    d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

    g. any other issue that the parties would like to address at the pretrial conference; and

    h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:
 FINKELSTEIN LAW GROUP, PLLC            LAW OFFICES OF JEANNIE L. BERGSTEN
 DAVIS & GILBERT LLP                    ANDREW P. SAULITIS P.C.

**SO ORDERED.**

**Date:** November    , 2018            _____
 **New York, New York**                 **VALERIE CAPRONI**
                                        **United States District Judge**

3