```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
NICOLE BURGESS,                                          :
                                                         :
                              Plaintiff,                 :
                                                         :
                  -against-                              :      18-CV-6584 (VEC)
                                                         :
                                                         :      ORDER TO SHOW
PETER GOODMAN, PG EAST HOUSTON                           :      CAUSE WHY
CORP., 203 HENRY STREET REALTY CORP.,                    :      SANCTIONS SHOULD
288 MULBERRY STREET REALTY CORP.,                        :      NOT BE IMPOSED
TOURBILLION47 LLC, HAROLD THOMAS                         :
CARTER, IGNACIO MATTOSNOYA, MARK                         :
CONNELL, AND BEA'S TAVERN, INC.,                         :
                                                         :
                              Defendants.                :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

On October 31, 2018, this Court issued an order directing the parties to appear for an initial pre-trial conference on November 9, 2016. *See* Dkt. 43. The Court also ordered the parties to submit a *joint* pre-conference letter and *joint* proposed case management plan no later than November 6, 2018. *Id.*

At 5:59p.m. on November 6, 2018, Defendants filed their own collective letter and proposed case management plan. *See* Dkt. 44. Defendants' letter informed the Court that they had "not heard from the attorney for plaintiff (Stuart H. Finkelstein, Esq. of Finkelstein Law Group, PLLC) for any initial input" and that "he ha[d] not responded to [Defendants'] request that he provide same," but that Defendants felt compelled to file their own letter without Mr. Finkelstein's input to comply with this Court's conference order. *Id.*

At 11:28pm on November 6, 2018, after Chambers staff left a reminder voicemail for Mr. Finkelstein, Mr. Finkelstein filed his own pre-conference letter. *See* Dkt. 45. He did not append

his own proposed case management plan.  Nor did his letter comment on Defendants' proposed case management plan.

At conference on November 9, 2018, when asked why he had failed to comply with this Court's conference order, Mr. Finkelstein represented to the Court that on Monday, November 5, he had left a voicemail with counsel for one of Defendants regarding preparation of a joint letter. According to Mr. Finkelstein, that voicemail was never returned.  Mr. Finkelstein also represented to the Court that he had filed his own letter at five or six in the evening on November 6—though he admitted when pressed that he had in fact filed the letter near midnight, as the Court's electronic records confirm.

As to why the letter he filed did not include a proposed case management plan or comment on Defendants', Mr. Finkelstein at first told the Court that he had no disagreements with Defendants' proposed plan and therefore felt no need to comment on it in his letter.  Yet as the Court discussed the proposed plan with all counsel, Mr. Finkelstein revealed that he did, in fact, disagree with some parts of Defendants' proposed case management plan and wished for various proposals therein to be changed.  These issues could, of course, have been resolved prior to the conference had the parties been able to discuss them ahead of time.

This is not the first time Mr. Finkelstein has run afoul of the undersigned's case-management orders.  Indeed, at a status conference in a separate civil case of Mr. Finkelstein's (also on behalf of Plaintiff Nicole Burgess), this Court warned Mr. Finkelstein—in no uncertain terms—that further failures to cooperate with opposing counsel in the preparation of *timely*, *joint* pre-conference letters could result in sanctions.  *See* Letter Motion for Extension of Time to File Preconference Letter [Dkt. 32], *Burgess v. Two Charlton Owners Corp.*, No. 18-CV-5955 (S.D.N.Y. Oct. 15, 2018) (reporting Mr. Finkelstein's failure to provide input to pre-conference

letter).  Yet only three weeks later, Mr. Finkelstein once again failed to cooperate with opposing counsel in the preparation of a timely, joint pre-conference letter.

Accordingly, it appearing to the Court that Mr. Finkelstein has violated the Court's Order of October 31, 2018 [Dkt. 43], it is hereby ORDERED that Mr. Finkelstein shall show cause why he should not be sanctioned pursuant to Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927, and/or the inherent powers of the Court for this violation.  Such showing shall be made by affidavit and a memorandum of law compliant with Local Civil Rule 7.1(a)(2) filed no later than **November 14, 2018**.  Courtesy copies of any papers filed shall be sent to the Court.

**SO ORDERED.**

Date:  November 9, 2018  
       New York, New York

_____  
**VALERIE CAPRONI**  
**United States District Judge**