LAW OFFICES OF

# ANDREW P. SAULITIS P.C.

40 WALL STREET-37TH FLOOR
NEW YORK, NEW YORK 10005

————

(212) 459-0900
Fax (212) 459-1826
apslaw@msn.com

December 13, 2018

**Filed on ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 240
New York, New York 10007

*Burgess v. Goodman et al.*
1:18-cv-06584-VEC

Dear Judge Caproni:

We are the attorneys for defendants Peter Goodman, PG East Houston Corp., 203 Henry Street Realty Corp. and 288 Mulberry Street Realty Corp., and, having conferred, write on behalf of the attorneys for the co-defendants Tourbillon47 LLC, Harold Thomas Carter and Ignacio Mattos Noya (Bruce M. Ginsberg, Esq. of Davis & Gilbert LLP) and Mark Connell and Bea's Tavern Inc. (Jeannie L. Bergsten, Esq. of the Law Offices of Jeannie L. Bergsten).

With reference to the Court's Order dated December 6, 2018 and filed December 7, 2018 (ECF Doc. No. 54) ordering, among other things, "that no later than December 13, 2018, Plaintiff must produce to Defendants a signed, notarized, and valid HIPAA-compliant medical-records release authorization and post to ECF a letter confirming that production," this will confirm that defendants have not received the authorization, and that none is forthcoming, as confirmed by plaintiff's attorney Stuart H. Finkelstein, Esq. in his letter to the Court of this date (ECF Doc. No. 55), which offers no justification whatsoever for violation of a clear order. Despite the felicitous wording of Mr. Finkelstein's letter, this merely confirms a willful, contumacious and repeated violation of the Court's orders, which fully warrants dismissal under Fed. R. Civ. P. 16 (f), 37 (b) (2) (A) (v) and (vii) and 41 (b), *on the merits*, as well as other consequences.

Hon Valerie E. Caproni
December 13, 2018
Page 2

       Thus, to the extent Mr. Finkelstein is taking this occasion to ask for a "without prejudice" dismissal, defendants categorically reject and oppose that, and they reserve their rights and remedies under Fed. R. Civ. P. 11, 16 (f), 37 (b) (2) (A) and 41 (b), 42 U.S.C. § 12205, 28 U.S.C. § 1927, NYCHRL § 8-502(g), the inherent powers of the Court and under all other applicable laws and rules.

                          Respectfully yours,

                          Andrew P. Saulitis

APS/wpd

c:      Stuart H. Finkelstein, Esq.
        Finkelstein Law Group, PLLC (ECF)

        Bruce M. Ginsberg, Esq.
        Davis & Gilbert LLP (ECF)

        Jeannie L. Bergsten, Esq.
        Law Offices of Jeannie L. Bergsten (ECF)