```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/17/2018
```

-------------------------------------------------------------- X
NICOLE BURGESS,                                                :
                                                               :
                             Plaintiff,                        :
                                                               :
             -against-                                         :      18-CV-6584 (VEC)
                                                               :
                                                               :      ORDER TO SHOW
PETER GOODMAN, PG EAST HOUSTON                                 :      CAUSE WHY
CORP., 203 HENRY STREET REALTY CORP.,                          :      SANCTIONS,
288 MULBERRY STREET REALTY CORP.,                              :      INCLUDING DISMISSAL
TOURBILLION47 LLC, HAROLD THOMAS                               :      WITH PREJUDICE,
CARTER, IGNACIO MATTOSNOYA, MARK                               :      SHOULD NOT BE
CONNELL, AND BEA'S TAVERN, INC.,                               :      IMPOSED
                                                               :
                             Defendants.                       :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

At an in-person initial pretrial conference on November 9, 2018, this Court ordered Plaintiff Burgess, through her counsel, Stuart H. Finkelstein, to produce to Defendants a signed, notarized, and valid HIPAA-compliant medical-records release authorization no later than November 29, 2018. The same day, the Court memorialized its order in a written Civil Case Management Plan and Scheduling Order. *See* Dkt. 46. On December 3, 2018, counsel for Defendants informed the Court by telephone, with Mr. Finkelstein on the line, that Plaintiff had failed to produce any medical-records release—let alone a signed, notarized, valid, and HIPAA-compliant one—consistent with the Court's order. On December 6, 2018, the Court held a telephonic conference call with the parties to address this issue, along with other discovery issues not relevant here.

During the conference call, Mr. Finkelstein conceded that he had not produced a HIPAA-compliant medical-records release in compliance with the Court's order and told the Court that his client was unable to execute such a release because she was in Georgia and was not expected

to return to this district until sometime in 2019.  The Court explained to counsel that because his client is Plaintiff in this action, her purported absence from this district has no bearing on whether she and Mr. Finkelstein are obligated to comply with this Court's discovery orders.  The Court further explained that Mr. Finkelstein could use—by way of example only—the United States Postal Service to obtain a medical-records release from his client, without her having to travel to New York City from Georgia in order to provide it.

As memorialized in a post-telephonic-conference order, *see* Dkt. 54, the Court ordered Mr. Finkelstein to produce to Defendants a signed, notarized, and valid HIPAA-compliant medical-records release authorization no later than December 13, 2018, and to post a letter confirming that production to ECF that same day.  The Court warned Mr. Finkelstein that failure to comply with this second court order would likely result in dismissal of this action under Fed. R. Civ. P. 37(b)(2)(A)(v).  Finally, the Court dissolved a stay it had placed on a previous order imposing a $1000 civil sanction on Mr. Finkelstein for repeated failures to comply with this Court's discovery orders in this and two other, similar cases.  Further details of Mr. Finkelstein's inability or unwillingness to comply with this Court's orders can be found in that sanctions order, *see* Dkt. 52, and in the order to show cause that precipitated it, *see* Dkt. 47.

By letter dated December 13, 2018, Mr. Finkelstein informed the Court that he is "unable to procure the HIPPA [*sic*] authorization from my client"; that he is "very mindful of [the undersigned's] statement regarding dismissal of the matter if [the release] was not submitted to defense counsel" by December 13; and that, if the case is dismissed, he would prefer "that it be done without prejudice, so as to make possible the prosecution of a Facility that is extraordinarily replete with ADA violations."  Dkt. 55.  Mr. Finkelstein's letter offered no explanation, let alone

any excuse or justification, for his admitted failure to produce a medical-records release as he was ordered to do.[1]

In their own December 13, 2018 letter responding to Mr. Finkelstein's, Defendants informed the Court that they oppose Mr. Finkelstein's request that any dismissal be without prejudice and that "they reserve their rights and remedies under Fed. R. Civ. P. 11, 16(f), 37(b)(2)(A) and 41(b), 42 U.S.C. § 12205, 28 U.S.C. § 1927, NYCHRL § 8-502(g), the inherent powers of the Court and under all other applicable laws and rules." Dkt. 56.

Because Mr. Finkelstein has violated the Court's orders of November 9, 2018 [Dkt. 46] and December 7, 2018 [Dkt. 54], Mr. Finkelstein is hereby ORDERED to show cause why this case should not be dismissed <u>with prejudice</u> under Fed. R. Civ. P. 37(b)(2)(A)(v), and, regardless of whether the case is dismissed, why other sanctions should not be imposed under Fed. R. Civ. P. 37(b) generally, 28 U.S.C. § 1927, or the inherent powers of this Court. Mr. Finkelstein must also explain why the Court should not order him, his client, or both "to pay the reasonable expenses, including attorney's fees, caused by [his] failure" to comply with this Court's orders. Fed. R. Civ. P. 37(b)(2)(C). Such showing shall be made by affidavit and a memorandum of law compliant with Local Civil Rule 7.1(a)(2) and filed no later than **December 28, 2018**. At a minimum, Mr. Finkelstein's response must include affidavits from him and from Ms. Burgess stating what steps each person took to comply with the Court's Order relative to production of a HIPAA release. Courtesy copies of any papers filed must be sent to the Court.

---

[1] The absence of any explanation leads the Court to wonder whether Mr. Finkelstein communicated to Ms. Burgess the requirement that she execute a HIPAA release and Ms. Burgess refused to comply, or whether Mr. Finkelstein unilaterally decided not to even seek a HIPAA release from her. Because Ms. Burgess is a frequent filer of ADA Complaints in this district (she currently has five such lawsuits pending, *see Burgess v. Bartocci*, 18-CV-4691 (PGG); *Burgess v. Jakobson*, 18-CV-5001 (GBD); *Burgess v. Two Charlton Owners Corp.*, 18-CV-5955 (VEC); *Burgess v. Six St. Associates*, 18-CV-7405 (KPF)), and Mr. Finkelstein is her attorney in all of them, either possibility is disturbing. There could, of course, be some other explanation.

The Court construes Defendants' letter of December 13, 2018 [Dkt. 56] as a reservation of rights rather than as a motion that this case be dismissed or as an application for fees or expenses.  No more than fourteen days after Mr. Finkelstein submits his response to this order, counsel for Defendants may file any submissions, motions, or applications, by letter/s supported by affidavits consistent with Local Civil Rule 7.1(a)(2), bearing on the appropriate disposition of this case in light of Mr. Finkelstein's most recent failure to comply with this Court's orders.  Courtesy copies of any papers filed shall be sent to the Court.

Should Defendants make any submissions in response to this order, Mr. Finkelstein shall, within seven days, file and provide the Court with courtesy copies of any additional materials he believes the Court should consider.  The Court will then determine whether the case shall be dismissed and whether other sanctions are appropriate in addition to or in lieu of dismissal with prejudice.

The Court notes that, as far as this Court can determine, Mr. Finkelstein has not yet paid the $1000 civil sanction that the undersigned ordered him to pay "immediately" on December 7, 2018.  Mr. Finkelstein is again ORDERED, on pain of contempt of court,  additional civil sanctions, and possible referral to the Grievance Committee of this Court, to pay the $1000 sanction previously imposed to the Cashier of the Clerk of Court no later than **December 21, 2018**.

Discovery and all other proceedings in this case are STAYED pending resolution of this order and any related motions or applications.

**SO ORDERED.**

Date:  December 17, 2018                                  _____
New York, New York                                           VALERIE CAPRONI
                                                             United States District Judge