UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/2/19____
```

-------------------------------------------------------------X

NICOLE BURGESS,                                              :
                                                            :
                                    Plaintiff,              :
                                                            :
                    -against-                               :                18-CV-6584 (VEC)
                                                            :
                                                            :                     ORDER
PETER GOODMAN, PG EAST HOUSTON                              :
CORP., 203 HENRY STREET REALTY CORP.,                      :
288 MULBERRY STREET REALTY CORP.,                          :
TOURBILLION47 LLC, HAROLD THOMAS                            :
CARTER, IGNACIO MATTOSNOYA, MARK                           :
CONNELL, AND BEA'S TAVERN, INC.,                           :
                                                            :
                                    Defendants.             :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        In a December 17, 2018 order, the Court ordered counsel for Plaintiff, Stuart Finkelstein,

Esq., to show cause why this case should not be dismissed with prejudice under Fed. R. Civ. P.

37(b)(2)(A)(v), and, regardless of whether the case is dismissed, why other sanctions should not

be imposed under Fed. R. Civ. P. 37(b) generally, 28 U.S.C. § 1927, or the inherent powers of

this Court because of Mr. Finkelstein's repeated and well-documented failures to produce a

valid, HIPAA-compliant medical-records release consistent with this Court's orders.  *See* Dkt.

57; *see also* Dkt. 52 (order recounting Mr. Finkelstein's prior history of failing to comply with

discovery orders).  The order to show cause specified that "Mr. Finkelstein's response must

include affidavits from him and from [his client] Ms. Burgess stating what steps each person

took to comply with the Court's Order relative to production of a HIPAA release."  Dkt. 57 at 3.

The Court also granted Defendants an opportunity to "file any submissions, motions, or

applications, by letter/s supported by affidavits consistent with Local Civil Rule 7.1(a)(2),

bearing on the appropriate disposition of this case in light of Mr. Finkelstein's most recent failure to comply with this Court's orders." *Id.* at 4.

In response to the Court's order, Mr. Finkelstein submitted an affidavit and memorandum of law stating, among other things, that "Plaintiff has been unavailable for [him] to obtain her authorization for her medical records"; that since the initial pretrial conference in this matter, Mr. Finkelstein has "been unable to communicate with Plaintiff and therefore unable to secure the medical authorization"; and that although "[i]t would certainly be in the case's best interest to comply," Mr. Finkelstein is "unable to do so at this point in time."  Dkt. 59 at 1-2.  Moreover, despite the order's explicit instruction that Mr. Finkelstein submit an affidavit from his client explaining her involvement—if any—in Mr. Finkelstein's handling of this case, Mr. Finkelstein has submitted no such affidavit.

The Court is disturbed that Mr. Finkelstein has, apparently, seen fit to prosecute this case when he has lost the ability to communicate and consult with his client and has done so without informing either the Court or his adversary.  Mr. Finkelstein is therefore ORDERED to submit an affidavit, signed under penalty of perjury, specifying (1) when he last had contact with Plaintiff Burgess and (2) precisely what efforts he has made to contact her since their last communication.  Vague statements—e.g., "Plaintiff has been unavailable for me to obtain her authorization for her medical records"—are insufficient.  Mr. Finkelstein's affidavit is due no later than **January 4, 2019**.

Until further notice, Defendants' time to make submissions in response to the December 17 order to show cause is STAYED.

**SO ORDERED.**

Date:  **January 2, 2019**                                   **VALERIE CAPRONI**
       **New York, New York**                           **United States District Judge**