UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

**NICOLE BURGESS,**

                   Plaintiff,

       —against—

**PETER GOODMAN, PG EAST HOUSTON CORP.,
203 HENRY STREET REALTY CORP.,
288 MULBERRY STREET REALTY CORP.,
TOURBILLON47 LLC, HAROLD THOMAS
CARTER, IGNACIO MATTOSNOYA,
MARK CONNELL** and **BEA'S TAVERN INC.,**

                   Defendants.

————————————————————————x

                         1:18-cv-06584-VEC

## <u>MEMORANDUM OF LAW</u>

This memorandum is submitted on behalf of defendants Peter Goodman, PG East

Houston Corp., 203 Henry Street Realty Corp. and 288 Mulberry Street Realty Corp. in

connection with the Court's Order to Show Cause dated and filed January 8, 2019 (ECF Doc.

No. 62),[1] addressing the appropriate disposition of this case, responding to plaintiff's attorney

Stuart H. Finkelstein's affirmation dated January 14, 2019 (ECF Doc. No. 62) and his

memorandum of law dated January 14, 2019 (ECF Doc. No. 63), and in support of defendants'

motion to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[1]By that Order to Show Cause, plaintiff's attorney Mr. Finkelstein was ordered to submit a memorandum of law showing cause why this case should not be dismissed under Fed. R. Civ. P. 41(b) because Mr. Finkelstein has lost all contact with his client, Ms. Burgess. In addition to such memorandum, Mr. Finkelstein was ordered to submit an affidavit, sworn under penalty of perjury, explaining in detail how he was ethically able to settle on Ms. Burgess's behalf another ADA case before Judge George B. Daniels on January 4, 2019 (*Burgess v. Jakobson*, No. 18-CV-5001 (S.D.N.Y. Jan. 4, 2019)), in view of his sworn assertion that he has been unable to contact Ms. Burgess since the last week of November 2018, though he continues to represent her in multiple cases.

The Court has ample authority to dismiss this action with prejudice under Rule 41(b),[2]

Rule 37(b) (2) (A) (v),[3] Rule 16(f)[4] and its inherent authority,[5] and such dismissal is fully

warranted in this case. (Lest there be any issue as to the Court's authority to do so *sua sponte*,

defendants move for such relief in their own right.)

Rather than squarely addressing the ethical issue raised by the Court, Mr. Finkelstein

---

[2]Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962)). While the Second Circuit has not spoken specifically for *sua sponte* dismissal for violation of discovery orders, it has been observed elsewhere that "[d]ismissal with prejudice for violation of [discovery] orders is well within the arsenal of the trial judge." *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 4 (1st Cir. 2006) (citing *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002)). This issue need not be resolved here as defendants have affirmatively moved for dismissal under Rule 41(b).

[3]Rule 37(b) (2) (A) (v) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," which "may include the following: . . . dismissing the action or proceeding in whole or in part." Such a dismissal may be with prejudice. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants, including pro ses, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.") (citations and quotations omitted). A district court has the authority to dismiss an action for a plaintiff's willful failure to obey orders to appear before it. Fed. R. Civ. P. 41(b), 16(f), 37(b)(2)(C). "A district court may dismiss an action sua sponte, *see* Fed. R. Civ. P. 16(f) and 37(b)(2)(C); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 2d 734 (1962) . . . . The district court had authority to dismiss [plaintiff's] case with prejudice for failure to obey its order to appear." *Peker v. Kaplan*, No. 96-7554, 1996 U.S. App. LEXIS 30832, *2-4 (2d Cir. Nov. 27, 1996) (summary order) (citing Fed. R. Civ. P. 37(b)(2)(C) and *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).

[4]"Rules 16(f) and [4]1(b) expressly contemplate the imposition of sanctions sua sponte, *see* Fed. R. Civ. P. 16(f)(1) ('On motion or on its own, the court may issue any just orders . . . .'), 37(b)(2)(A) ('[T]he court where the action is pending may issue further just orders.'), and, '[a]lthough the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." *Horton v. City of N.Y.*, 636 F. App'x 822, 823 n.2 (2d Cir. 2016) (summary order) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

[5]"[T]he power of a district court to [dismiss with prejudice for failure to prosecute]—while explicitly sanctioned by Rule 41(b)—'has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630- 31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (discussing the "inherent power" of the court to impose sanctions on a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (citation omitted).

skirts the issue suggesting, with characteristic vagueness, that the settlement was actually forged

in mid-November and then "delayed" because of the "holidays holding things up" and "waiting

for the funds to clear the bank." Nowhere does Mr. Finkelstein state that Ms. Burgess was

actually involved with the "settlement" or how or to whom such "funds" were disbursed.[6]

In assessing dismissal pursuant to Rule 37 or 41, the Second Circuit advises courts to

consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the

efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the

non-compliant party had been warned of the consequences of . . . noncompliance." *Lee v. Katz*,

No. 15-3423-cv, 2016 U.S. App. LEXIS 18290 (2d Cir. Oct. 7, 2016) (summary order) (quoting

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Not every factor needs to

be satisfied. *See S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)

("[T]hese factors are not exclusive, and they need not each be resolved against the party

challenging the district court's sanctions[.]"); *see also Baptiste v. Sommers*, 768 F.3d 212, 216

(2d Cir. 2014) (outlining factors). This is a discretionary matter. *Alvarez v. Simmons Market*

*Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (whether to grant a motion seeking

dismissal under Rule 41(b) "is a matter committed to the discretion of the district court") (citing

---

[6]Though Mr. Finkelstein claims not to have had "contact" with Ms. Burgess since "the last week of November, 2018," and since then, claims to have been "unable to communicate" with her, he has not sought an order granting leave to withdraw under Local Civil Rule 1.4, even though *de facto*, he does not have a client (if he ever did). It is ethically and procedurally proper for an attorney to withdraw, with leave of court, "upon a showing by affidavit or otherwise of satisfactory reasons for withdraw or displacement and the posture of the case, including its position, if any, on the calendar[.]" S.D.N.Y. Local Civ. R. 1.4. Nor has he done so in any of the other five pending cases in which he has continued to represent Ms. Burgess despite no contact for months, and in the interim has collected "funds" on her behalf (though in all likelihood, these funds were for himself—but he does not say). Although there is no definitive standard for what constitutes a "satisfactory reason" for withdrawal, district courts in the Second Circuit have found that "'[s]atisfactory reasons' include . . . a client's lack of cooperation—including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'" *Ashmore v. CGI Group, Inc.*, No. 1:11-cv-08611, 2013 U.S. Dist. LEXIS 156953, *2 (S.D.N.Y. Oct. 30, 2013) (quoting *Diorama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 C 2950, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (quoting *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96 C 2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997))).

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

"[T]here is little distinction whether the dismissal is technically made under Rule 41 or Rule 37." *Peters-Turnbull v. Bd. of Educ.*, 7 F. App'x 107, 110 (2d Cir. 2001) (summary order) (citing *Lyell Theatre Corp v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (affirming dismissal that was based on both Rule 41 and Rule 37 and finding no need to distinguish between the two grounds). For example, in *Smith v. Conn. Dep't of Corr.*, No. 15-868-cv, 644 F. App'x 1 (2d Cir. 2016) (summary order), the Second Circuit affirmed dismissal with prejudice under Fed. R. Civ. P. 37(b)(2) and 41(b) for repeated violation of discovery orders. Held the court:

> While dismissal of an action is the most severe sanction for noncompliance with discovery orders, *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976), it is warranted where plaintiff's unexcused noncompliance while on notice of dismissal demonstrates "willfulness or conscious disregard for the discovery process," *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (per curiam) (quoting *Founding Church of Scientology v. Webster*, 802 F.2d 1448, 1458, 256 U.S. App. D.C. 54 (D.C. Cir. 1986)) (affirming dismissal pursuant to Rule 37(b)(2)(C) in part because district court repeatedly allowed plaintiff additional time to comply with discovery orders and warned plaintiff about threat of dismissal). Because plaintiff failed to fulfill her obligation to comply with the court's orders, the district court acted within its discretion in dismissing her action.

*Id.*, 644 F. App'x at 2-3.

Here, the factors are amply satisfied, and Mr. Finkelstein makes no case in his memorandum otherwise. Non-compliance with the Court's November 9, 2018 orders was willful, unexcused and continues to this day. Mr. Finkelstein never states that he was unable to communicate the Court's orders to Ms. Burgess, which were issued weeks before she somehow and suddenly "became unreachable" (though the means of reaching her, and the extent of Mr.

Finkelstein's efforts, whether by mail, email, text, telephone remain tenebrous). "Lesser sanctions" have proven fruitless. The period of noncompliance has been months-long and continues. Clear warnings of sanctions and potential dismissal were repeatedly given by the Court. The case has been pending since June 2018 and Mr. Finkelstein has done virtually nothing to advance it.

Worse, rather than owning up to what has happened, even at this juncture, Mr. Finkelstein indignantly proclaims the supposed merits of this case asserting in high dudgeon that "an adjudication on the merits" would "thereby preclude[] a segment of society, i.e., the disabled, from ever bringing suit against this Facility" and "what cost would it be for Plaintiff to have her due process and a fair chance to be heard"—a chance she has willfully forsaken, while ensnaring nine defendants in an ADA case (and numerous others in serial filings). As we show in the accompanying declaration, this case has been brought indiscriminately, with a cookie-cutter complaint, and has been continued against a multiplicity of defendants, including four individuals. We show that none of the four defendants we represent is a proper ADA defendant. Indeed Mr. Finkelstein has sued entities that have *nothing* to do with operation of the "Subject Premises" (47 East Houston Street) or any "public accommodation" thereat, with no evidence otherwise.[7]

While knowing that there are business entities extant, Mr. Finkelstein has nevertheless sued multiple individuals, without anywhere alleging how they can be proper defendants in an ADA case.

---

[7]That Mr. Finkelstein disregarded his professional responsibilities does not affect the result as t Ms. Burgess, as the Second Circuit has "noted in reference to Rule 37(b) sanctions, '[a] litigant chooses counsel at his peril, and here, as in countless other contexts, counsel's disregard of his professional responsibilities can lead to extinction of his client's claim.'" *Am. Cash Card Corp. v. AT&T Corp*., No. 99-7894, 2000 U.S. App. LEXIS 6318, at \*16-17 (2d Cir. Apr. 6, 2000) (summary order) (citing *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) (citation omitted)).

There is no identification of Peter Goodman's (or any individual defendant's) specific

involvement in the allegations at issue or any facts that would result in personal liability. Instead,

the barest of conclusory allegations are pled encompassing all "Defendants" as "the owners,

lessees' [*sic*] and/or operators of the real property (hereinafter and heretofore referred to

collectively as 'Defendants' Property')" and that "[u]pon information and belief, the Defendants

maintain, manage and control the Subject Facility" (Am. Compl. ¶ 7). The complaint and

amended complaint fail to identify any individual defendant's specific involvement in the

allegations at issue or any facts that would plausibly suggest any individual's personal liability.

There is considerable authority that individuals may not be held liable under the ADA in

either their individual or official capacities. *See Kahn v. NYU Med. Ctr.*, No. 06 Civ. 13455

(LAP), 2007 U.S. Dist. LEXIS 49840, *15-16 (S.D.N.Y. July 10, 2007) (the A.D.A. claims

against the Jane and John Doe Defendants and Defendant Tisch are dismissed. As individuals,

they may not be held liable for any asserted A.D.A. violation. Plaintiff may only assert an

A.D.A. claim against the NYU Defendants."), *reconsideration denied*, 2008 U.S. Dist. LEXIS

3802 (S.D.N.Y. Jan. 15, 2008), *aff'd*, 328 Fed. Appx. 758 (2d Cir. 2009) (summary order); *Sha v.*

*Memorial Sloan-Kettering Cancer Ctr.*, No. 99 Civ. 3233 (AKH), 2000 U.S. Dist. LEXIS 17297,

*6 (S.D.N.Y. Nov. 30, 2000) ("'individual defendants may not be held liable for alleged

violations of the ADA'") (quoting  *Parkinson v. Goord*, 116 F. Supp. 2d 390, 399 (W.D.N.Y.

2000)) ; *Sutherland v. N.Y. State Dep't of Law*, No. 96 Civ. 6935 (JFK), 1999 U.S. Dist. LEXIS

7309, *21 (S.D.N.Y. May 18, 1999) ("Individual defendants may not be held personally liable

for alleged violation of the ADA. . . . Nor can individuals be named as defendants in ADA or

Rehabilitation Act suits in their official or representative capacities.") (multiple citations

omitted); *Bebry v. ALJAC LLC*, 954 F. Supp. 2d 173, 176-177 (E.D.N.Y. 2013); *Coddington v. Adelphi Univ.*, 45 F. Supp. 2d 211, 215 (E.D.N.Y. 1999).

In any event, even if individual liability could be found under certain, albeit extraordinary circumstances, plaintiff's pleading has not met current pleading standards of "facial plausibility" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940 (2009).

"While the ADA refers to a 'person' who owns, leases or operates a place of public accommodation as potentially liable for acts of discrimination, the relevant regulation broadens this term to refer to 'private entities.'" *Coddington v. Adelphi Univ.*, 45 F. Supp. 2d at 215 (E.D.N.Y. 1999). The "regulation implementing the statute states that no individual shall be discriminated against in the enjoyment of the facilities of public accommodations 'by any private entity who owns, leases . . . or operates a place of public accommodation.'" *Id.* (citation omitted). It further provides that a "'[p]rivate entity' is defined in the regulations to include persons as well as 'an entity other than a public entity.'" *Id.* (citation omitted). A place of public accommodation is defined as "a 'facility operated by a private entity' whose operations fall into one of the categories set forth as public accommodations in the ADA. '" *Id.* (citation omitted). "When read together, the statute and the regulation impose liability on the entity (which includes a 'person') that 'owns' 'operates' or 'leases' the public accommodation." *Id.* (citation omitted).

Significantly, "the question of whether a person is a proper defendant under the ADA turns [] on . . . whether the defendant owns, leases, or operates a place of public accommodation within the meaning of the ADA." *Id.; accord Bebry*, 954 F. Supp. 2d at 178. Furthermore, the fact that an individual defendant may, in certain circumstances be characterized as the owner or

operator of a public accommodation "should not lead to a blanket decision that personal liability

exists under the ADA" and rather, the analysis is "aimed at identifying the proper party to be

sued." *Coddington*, 45 F. Supp. 2d at 216. There is nothing of the sort here, and if Mr.

Finkelstein has a basis for this, he has yet to show it.

In short, there is no basis stated here for individual liability, and the indiscriminate

inclusion of multiple individuals including Peter Goodman merely adds to the vexatious

multiplication of proceedings. This reinforces the need to put an end to this case on terms that

will prevent a repetition by this serial plaintiff and this attorney, and that will deter others with

similar agendas from abusing the salutary purposes of the ADA, displacing worthy cases

thereunder.

Conclusion

Dismissal with prejudice is fully warranted under Fed. R. Civ. P. 41(b) as well as under

Fed. R. Civ. P. 37 and the Court's inherent authority, and plaintiff has not presented either

authority or grounds to depart from this in this case, which presents a particularly egregious

instance that should be dealt with severely. Not only do plaintiff's and her attorney's

contumacious conduct in flouting orders warrant such relief, but the demonstrable baselessness

of the indiscriminate claims in this case against a multiplicity of defendants reinforces the

imposition of dismissal on the harshest terms. Thus, we submit that the appropriate disposition of

this case—under Rule 37(b), Rule 41(b) and the Court's inherent authority—is dismissal with

prejudice against plaintiff and costs including defendants' reasonable attorneys' fees assessed

against plaintiff and her attorney, jointly and severally, together with such other and further relief

as the Court deems just. Defendants reserve their rights to further remedies under 42 U.S.C. §

12205 and 28 U.S.C. § 1927 and as otherwise appropriate.

Dated: January 28, 2019

Respectfully submitted,

_____
Andrew P. Saulitis

LAW OFFICES OF
ANDREW P. SAULITIS P.C.
*Attorneys for Defendants Peter Goodman,*
*PG East Houston Corp., 203 Henry Street Realty*
*Corp. and 288 Mulberry Street Realty Corp.*
40 Wall Street-37th Floor
New York, New York 10005
(212) 459-0900
Fax (212) 459-1826
Email: apslaw@msn.com

VIA ECF TO:

Stuart H. Finkelstein, Esq.
FINKELSTEIN LAW GROUP, PLLC
*Attorneys for Plaintiff Nicole Burgess*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900
Fax: (954) 333-8888
Email: finkelsteinlawgroup@gmail.com

Bruce M. Ginsberg, Esq.
DAVIS & GILBERT LLP
*Attorneys for Defendants*
*Tourbillon47 LLC, Harold Thomas Carter*
*and Ignacio Mattos Noya*
1740 Broadway
New York, New York 10019
(212) 468-4820
Fax: (212) 468-4888
bginsberg@dglaw.com

Jeannie L. Bergsten, Esq.
LAW OFFICES OF JEANNIE L. BERGSTEN
*Attorneys for Defendants*
*Mark Connell and Bea's Tavern Inc.*

666 Old Country Road, Ste. 200
Garden City, New York 11530
(516) 551-9577
Fax (516) 334-1188
JeannieB@JLBAttorney.com