UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

NICOLE BURGESS,


                        Plaintiff,                      DECLARATION IN
                                                        RESPONSE TO ORDER TO
                                                        SHOW CAUSE
            -against-
                                                        Case No.: 18-cv-6584 (VEC)


PETER GOODMAN, PG EAST HOUSTON
CORP., 203 HENRY STREET REALTY CORP.,
288 MULBERRY STREET REALTY CORP.,
TOURBILLION47 LLC, HAROLD THOMAS
CARTER, IGNACIO MATTOSNOYA, MARK
CONNELL and BEA'S TAVERN INC.,

                        Defendants.

_____

     Stuart H. Finkelstein, an attorney duly admitted to the Southern District Court of

New York, states as follows:

1.     I am the attorney for Plaintiff in the above captioned action and pursuant to 28

U.S.C. sec. 1746, submit this Declaration in response to the Court's Order permitting

your affiant to provide the Court with any additional material the Court consider in the

determination of this matter being dismissed with prejudice.

2.     Counsel for defendants Peter Goodman, PG East Houston Corp., 203 Henry Street

Corp. and 288 Mulberry Street Realty Corp. omits that Plaintiff's Complaint alleges not only

operation of the real property, but in addition, ownership. Moreover, defendant Peter

Goodman is the common nexus among defendants Peter Goodman, PG East Houston

Corp., 203 Henry Street Corp. and 288 Mulberry Street Realty Corp. He is listed as the

Chief Executive Officer of PG East Houston Corp., in addition to the name and address of

the Principal Executive Office designated is his, both listed as 55 Great Jones Street, Apt.

#4, New York, New York 10012, per the New York State Department of State website.

Peter Goodman is also listed as the Chief Executive Officer, with the name and address of that Principal Executive Office also as his, 55 Great Jones Street, Apt. #4, New York, New York, 10012 for defendant 203 Henry Street Realty Corp. Moreover, Peter Goodman designated 47 E. Houston Street as the Department of States address to which mail process was to be delivered to, also per the New York State Department of State website. That is the same address as the location of the real property which is the subject of the instant matter. For defendant 288 Mulberry Street Realty Corp., the same is also true. Attached as Exhibit 1 are the printouts from the Department of State website.

3.      Missing from counsels' submission to the Court is any affidavit from defendant Peter Goodman as to his status and involvement vis a vis his relationship to the property complained of in the Complaint. A mere contention, statement or assertion made by a lawyer is just that, with no proof provided to support their position. The New York State Department of State does not furnish information as to the shareholders of the corporations, but does enumerate the Chief Executive Officer and in this lawsuit, Peter Goodman is listed as such for all four named defendants. As defense counsel points out the matter was filed in June of 2018, enough time to ask the Court for any warranted relief. Therefore, Peter Goodman would be expected to respond to questions at his deposition regarding his involvement (or lack of) as to the ownership and operation of the subject facility and have his second opportunity to state otherwise at his deposition.

4.      "To state a claim under Title III of the ADA, a Plaintiff must allege (1) that {} he is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] a full and equal opportunity to enjoy the services defendants provide". Andrew's v. Blick Art Materials, LLC, 2017 U.S. Dust, LEXIS 121007 at *6-7 quoting Camarillo v. Carroll Corp., 518 F.3d 153, 156 (2d) Cir. 2008). "While the ADA refers to a 'person' who owns, leases or operates

*as place of public accommodation as potentially liable for acts of discrimination, the regulation broadens this term to 'private entities'". <u>Coddington v. Adelphi Univ.</u>, 45 F. Supp. 2d 211, 215 (E.D.N.Y.). In <u>Bebry v. ALJAC LLC</u>, 954 F.Supp.2d 173, 176-177 (E.D.N.Y 1999) the court granted the individual defendant's motion to dismiss because "the [p]laintiff failed to allege any facts in the complaint that [the individual defendant] is the lessee and/or operator of the Restaurant and the owner of the improvements where the Restaurant is located." Defendants had more than ample opportunity to have filed a motion to Dismiss, with your affiant then seeking leave from the Court to cure by filing an amended complaint to furnish facts pertaining to the operation of the restaurant. Defendants chose not to.

5.      Likewise, named defendants Harold Thomas Carter, Ignacio Mattosnoya and Mark Connell are alleged to individually operate this Public Accommodation. The state of New York mandates when an individual and/or company seeks to sell alcohol at their establishment, they must state who the individuals are, along with other strict requirements, who will be *operating* the restaurant/bar. Each of these named defendants are listed with the New York State Liquor Authority, Division of Alcoholic Beverage Control as the operators of each of the restaurant/bars complained of in the Complaint. Attached as Exhibit 2.

6.      Defendants themselves acknowledge in their memorandum of law that a determination is needed to characterize an individual defendant as the owner or operator of a public accommodation. Page 7-8 of counsel's memorandum of law.

7       Significantly, 'the question of whether a person is a proper defendant under the ADA turns {} on …whether defendant owns, leases or operates a place of public accommodation within the meaning of the ADA." *Id*.; *accord Bebry,* 954 F. Supp. 2d at 178. Furthermore, the fact that an individual defendant may, in certain circumstances be characterized as the owner or operator of a public accommodation "should not lead to a blanked determination that

personal liability exists under the ADA" and rather, the analysis is "aimed at identifying the proper party to be sued." *Coddington,* 45 F. Supp 2d at 216. No such analysis ever took place in the instant matter.

8.      Counsel cites to other case for the proposition that individuals may not be liable under the ADA in their individual or official capacities to which he is partly right. Defendants' cases are distinguishable from this lawsuit as an individual cannot be named in a Title II case, which this is not, nor in their individual capacity when they are not able to effectuate any changes, or they are not the owner or operator of the public accommodation.

8.      Counsels for all defendants seek costs and reasonable attorney fees but yet it is not with clean hands. On November 26, 2018 I wrote to Mr. Saulitis after having had a phone conversation with him. Attached as Exhibit 3. I was seeking to obtain ADA compliance, or at least a major part by having access to both restaurants, with one cure for both. I suggested he go to the website Savaria to have a wheelchair lift installed. Not only was that rebuffed, but he went on to state that he would not settle the case, as a settlement agreement would not suffice. That position was foreign to me as I explained in my letter to him. I then went on to propose that we enter into a global consent decree, so ordered by the Judge, as that would be an adjudication on the merits, becoming the law of the case and the Decree would 'run with the property' and obviate any future lawsuits.  He rebuffed that as well. Unfortunately, he never replied that he would inform his client of our conversation and would get back to me with his clients' response. Instead, his comeback, via his email reveals his intent as he completely disregarded 1) an opportunity to remedy the violations at the property without major expense and 2) agreeing to his clients be let out of the lawsuit, with prejudice.  Attached as Exhibit 4.  It was then that I realized that this was all about 'churning'.

9.      Moreover, Ms. Bergsten, Esq., attorney for tenant Mark Connell and Bea's Tavern Inc., emailed me *asking that I send her my discovery demands*, some weeks before the scheduling order called for. I had never seen or heard such a request before that. That too is discussed in

my letter to defense counsel which went unanswered.

10.     Further, my letter indicates the actions of Mr. Ginsberg, Esq., attorney for Tourbillion47 LLC, Harold Thomas Carter and Ignacio Mattos Noya. He was served by my office with discovery requests, and yet weeks before they were due, to my amazement he sent me a 60-page response stating that the time within which to respond was not yet due.

11.     There has never been any intent to burden this Court with unnecessary litigation, and in fact I sought to bring this lawsuit to an early and reasonable ending (to all parties) some months ago but was snubbed.

Dated: February 4, 2019
       Syosset, New York

Respectfully submitted,

By:_____
       Stuart H. Finkelstein, Esq.
       Finkelstein Law Group, PLLC
       338 Jericho Turnpike
       Syosset, New York 11791
       Telephone: (718) 261-4900

Via ECF to all counsel of record